George Haines, Esq.  
Nevada Bar No. 9411  
David Krieger, Esq.  
Nevada Bar No. 9086  
HAINES & KRIEGER, LLC  
1020 Garces Ave.  
Las Vegas, NV 89101  
Phone: (702) 880-5554  
FAX: (702) 385-5518  
Email: info@hainesandkrieger.com  
Attorney for Wayne Burns

E-FILED: November 6, 2009

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | ) Case No. BKS-09-20142-MKN </br> ) Chapter 13 |
| **Wayne Burns**, | ) Hearing Date: November 18, 2009 </br> ) Hearing Time: 1:30 PM |
| Debtor(s). | |

## DEBTOR'S BRIEF IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW, Wayne Burns, by and through attorney, David Krieger, Esq., of the LAW OFFICES OF HAINES & KRIEGER, LLC, and offers this Brief in Support of Opposition to **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY LOAN TRUST 2006-NC2's** ("Creditor") Motion for Relief from Automatic Stay states as follows:

1.  On June 13, 2009, Debtor filed the current Chapter 13 Petition in Bankruptcy with the Court.

2.  On or about September 02, 2009, Creditor filed a Motion for Relief from the Automatic Stay.

3.Debtor's Plan disclosed that the Debtor is presently negotiating a loan modification with this Creditor (see *Debtor's Chapter 13 Plan*, attached hereto as Exhibit "1").

4.Debtor's Chapter 13 Plan sets aside "adequate protection" payments pursuant to 11 U.S.C. Section 361 and 11 U.S.C. Section 362 to protect this creditor's interests while the Debtor negotiates a loan modification with this Creditor-Lender.

5.There is no dispute that the underlying property is integral to the Debtor's Chapter 13 Plan and is necessary to an effective reorganization.

## ARGUMENT

**1.Debtor's Lack of Equity Insufficient to Support Relief**

Creditor contends that relief is necessary in this case pursuant to 11 U.S.C. Section 362(d) because Creditor is not adequately protected *(see Creditor's Motion for Relief from Automatic Stay attached hereto as Exhibit "2" at Page2, line 21)*.  There is no evidence, however, to support this contention.

Relief is not justified under 362(d)(1).  As Creditor and this Court are aware, given the state of property values in Nevada, many property owners are "underwater" in their mortgage.  The fact that Creditor in undersecured, however, is not sufficient to establish the cause necessary to justify relief under 362(d)(1).  *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 374-75, 108 S.Ct. 626, 632  (1988).

Relief is not justified under 362(d)(2).  In support of its proposed relief, Creditor relies on Section 362(d)(2) and cites Schedule A of Debtors' Petition, in which Debtor contends the fair market value of the subject property is $153,153.00, as evidence that

Debtor lacks sufficient equity in the property after all applicable liens *(see Exhibit "2" at Page 2 Lines 21-24)*. Section 362(d)(2), however, states that relief may be proper where a debtor does not have equity **and** the property is not necessary to an effective reorganization. The subject property in this matter is the Debtor's primary residence and is, as such, necessary to Debtor's effective reorganization.

    **2. <u>Debtor's Plan Has Reasonable Possibility of Confirmation</u>**

Given the inherent lack of equity in Las Vegas real estate and the necessity of Debtor's residence to an effective reorganization, we must then turn to 11 U.S.C. Section 362(d)(3)(A) wherein relief may be proper unless the "debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time."

In this case, Debtor has filed a plan that has a reasonable possibility of being confirmed. Under the terms of Debtor's Plan, Debtor is to make regular monthly payments to Trustee Rick Yarnall of $1,526.00 per month pending the modification of Debtor's loan and, upon modification, the modified mortgage payment is to continue to be paid through Trustee Yarnall's office. As of the date of this filing, Debtor has made all required payments under the proposed Chapter 13 plan (s*ee Payment History obtained from Trustee Yarnall's website attached hereto as Exhibit "3")*.

As set forth in Debtor's Plan #1, Debtor in this matter has proposed a plan in which a loan modification will be negotiated prior to confirmation *(see Exhibit "1")*. Debtor's Plan proposes to pay $1,526.00, such figure to be comprised of an approximated loan modification payment derived from taking Debtor's gross monthly income and multiplying it by 31% under the Making Homes Affordable ("MHA") guidelines plus

impounds for taxes and insurance. Debtor's payment of $1,526.00 is more than reasonable and feasible given Debtor's current income given that, if Creditor were receiving TARP money, it may be required to participate in the MHA program.

Moreover, to date, Creditor has offered no objection as to the reasonableness of Debtor's proposed plan payment or the likelihood of confirmation of Debtor's Chapter 13 Plan. Creditor's only objection has been as to the fact that Debtor's plan does not address pre-petition arrears (*see Creditor's Objection attached hereto as Exhibit "4"*). In fact, as set forth above, Debtor's proposed plan is reasonable given the criteria for modification and the fact that Debtor's plan anticipates any pre-petition arrears being absorbed into a modified loan as is prevalent in loan modifications.

Given the reasonableness of Debtor's plan payment, Debtor's timely plan payments to date, and recent developments in our national economy which encourage loan modifications, it is clear that Debtor's modification has a reasonable possibility of being approved and Debtor's Chapter 13 Plan has a reasonable possibility of being confirmed.

### 3. Debtor's Plan Can Be Confirmed in a Reasonable Time

Finally, Section 362(d)(3)(A) requires confirmation of a Chapter 13 Plan must occur "within a reasonable time." As the parties are aware, loan modifications are taking many months to complete. Debtor's counsel has been retained by Debtor to seek a loan modification. *(See Debtor's Opposition to Motion for Relief from Automatic Stay attached hereto as Exhibit "5.").* To date, Debtor has provided the authorization required to initiate the modification process.

In light of the fact that Creditor is in control of the loan modification process, it would seem incongruous for Creditor to argue that Debtor's plan cannot be confirmed in a reasonable time. Debtor has submitted required documents. Further, Debtor stands ready, willing and able to provide any further documentation required and to file the required motion seeking Court approval of a loan modification in an expedient manner. Debtor's original Confirmation Hearing in this matter was scheduled for August 20 2009. As has become customary in cases involving loan modifications, on August 20 2009, Trustee's office continued Debtor's Confirmation Hearing until October 1, 2009 and subsequently to December 10, 2009. There has been no allegation by Creditor or the Trustee to date that the length of this continuance is in any way unreasonable given the lengthy loan modification process. Debtor contends that confirmation within the time it takes to complete a loan modification and have such modification approved by this Court falls within the bounds of a "reasonable time" as required by section 362(d)(3)(A).

4. **Adequate Protection Provided**

Creditor's Motion for Relief from Automatic Stay seeks, in the alternative, adequate protection. Debtor's Plan #1, at Section 6.06, provides for a "trustee escrow account" in which adequate protection payments are to be held by the Trustee until such time that Debtor and Creditor reach an adequate protection stipulation. Debtor proposes to set payments aside at .25% of the current value of Debtor's home, $153,153.00, as set forth in Debtor's Schedule A and adopted in Creditor's Motion. This will amount to a payment of approximately $383.00 per month. Debtor contends that such adequate protection payments will provide adequate protection to Creditor. Creditor has, to date, proposed no adequate protection stipulation.

Further, Creditor has, to date, failed to provide any evidence as to any diminution in the value of the property so as to justify relief from stay. Section 362 (d)(1) gives a Court the authority to grant relief from the automatic stay to include the provision of adequate protection for a creditor. While the definition of adequate protection is not set forth in the Bankruptcy code, it has been interpreted by Courts as a tool to "protect lenders from diminution in the value of their collateral." *Qmect, Inc., v. Burlingame Capital partners, II, L.P.,* 373 B.R. 682, 690 (N.D. Cal., 2007). Such protection is limited, however, to the lost value of the collateral and not the lost payments on such collateral. "The amount by which the collateral depreciated is the amount of adequate protection to which the secured creditor is entitled." *In Re Weinstein,* 227 B.R. 284, 296 (0th cir. BAP, 1998). Finally, courts have determined adequate protection to be a question of fact decided flexibly on a case-by-case basis. *In re Martin,* 761 F.2d 472 (8th Cir.1985).

In the instant matter, Creditor's potential loss of value should be evaluated differently than in traditional cases where use of property causes unrecoverable diminution. Debtor filed the instant bankruptcy proceeding to save his home. As stated in Debtor's Chapter 13 Plan, it is Debtor's intention to keep the subject real estate through a loan modification. In most instances, when a mortgage is modified the Creditor stands to recoup any and all payments missed by the Debtor, both pre-petition and post-petition, by adding these arrears to the principal as part of the modification process. As such, unlike traditional adequate protection cases, Creditor will only require adequate protection in the event that Creditor denies Debtor's modification request.

Despite the fact that any protection sought by Creditor may be required only as a result of Creditor's own delay, that Creditor stands to recover any and all delinquent funds and the fact that Creditor has provided no evidence of diminution in value, Debtor has proposed payments which adequately protect Creditor's interest. As set forth in Debtor's Chapter 13 Plan, it is Debtor's contention that real property in Las Vegas, including Debtor's real property, is decreasing in value at a rate equal to or less than .25% or $383.00 per month, or approximately 3% or $4,596.00 per year. Given recent reports of a stabilizing national economy, recent improvements in Las Vegas home sales and the fact that Creditor will only endure any perceived loss until its modification of Debtor's loan, such an estimated payment is reasonable to protect Creditor against any diminution in value should modification fail.

## **CONCLUSION**

Relief is not justified under 362(d). As set forth herein, Debtor has proposed a plan of reorganization with a reasonable possibility of being confirmed. Debtor has proposed plan payments based on an estimated loan modification using the criteria set forth in the Making Homes Affordable plan which are a reasonable representation of Debtor's potential modified mortgage payment. Debtor is current with payments to the Trustee in this reasonable amount. Debtor has proposed to set aside reasonable adequate protection in a separate trustee account until such time as Debtor and Creditor can agree as to stipulated adequate protection. Debtor stands ready, willing and able to provide

. . .

. . .

. . .

- 8 -

. . .

further documentation as required by Creditor.  As such, Debtor requests this Court deny Creditor's Motion for Relief from Automatic Stay or, in the alternative, Order adequate protection payments equal to .25% of the value of Debtor's real estate be set aside by the Trustee pending modification of Debtor's mortgage loan.


    Dated: November 6, 2009

                                      <u>/s/ David Krieger, Esq.</u>
                                      **Attorney for Debtor(s)**

- 9 -

**CERTIFICATE OF MAILING RE:**
**DEBTOR'S BRIEF IN SUPPORT OF OPPOSITION TO MOTION FOR**
**RELIEF FROM AUTOMATIC STAY**

I hereby certify that on November 6, 2009, I mailed a true and correct copy, first class mail, postage prepaid, of the above listed document to the following:

/s/David Krieger, Esq.<br>Attorney for Debtor

Gregory Wilde
208 S. Jones Blvd
Las Vegas, NV 89107

- 9 -